FILED

MAY 18 2012

DAVID CREWS, CLERK
By_____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

DONNA HUGGINS, INDIVIDUALLY AND
AS PERSONAL REPRESENTATIVE OF THE
WRONGFUL DEATH BENEFICIARIES OF
DON E. HUGGINS, DECEASED                                             PLAINTIFF

VS                                                   NO: 1:12CV113-M-S

BRADY RUSSELL, M.D.,
AND NORTH MISSISSIPPI MEDICAL
CENTER, INC.                                                         DEFENDANTS

## COMPLAINT

**COMES NOW**, Plaintiff, by Counsel and sues the Defendants and for cause of action would state as follows:

1. Plaintiff, Donna Huggins, is an adult resident citizen of Selmer, McNairy County, Tennessee.

2. Plaintiff is the surviving spouse and a Wrongful Death Beneficiary of Don E. Huggins, Deceased.

3. Upon information and belief, Dr. Brady Russell is an adult resident citizen of Lee County, Mississippi and at all times pertinent herein was a physician licensed to practice medicine in the State of Mississippi.

4. Upon information and belief, Defendant, North Mississippi Medical Center, Inc. (hereinafter referred to as NMMC) is a corporation domiciled in the State of Mississippi and doing business in the State of Mississippi by providing professional health care services through its agents, employees and servants.

5. In May 2010, Defendant Russell provided professional medical services to Don E. Huggins and at all times pertinent to this cause of action, Defendant Russell was acting as an agent, employee and/or servant of NMMC when he provided professional services to Don E. Huggins.

6. In May 2010, Defendant, NMMC provided professional services to Don E. Huggins through its agents, employees and/or servants.

7. Defendant, NMMC is vicariously liable for the acts and/or omissions of all of its employees, agents, and servants including but not limited to Defendant Russell and every other member of its staff who provided care, treatment and medicines to Don E. Huggins, under the doctrine of respondeat superior.

8. All the events which form the basis for this complaint occurred in Tupelo, Lee County, Mississippi.

9. Prior to his death, Don E. Huggins, was a resident of McNairy County, Tennessee.

10. This Court has jurisdiction over the subject matter in question pursuant to 28 USC § 1332 because the matter in controversy exceeds the sum of $75,000.00 exclusive of interest and costs and there is diversity of citizenship between the Plaintiff and Defendants.

11. Plaintiff brings this action pursuant to Mississippi Code Annotated Section 11-7-13 for the wrongful death of Don E. Huggins and all damages which have naturally occurred on account of said incident.

12. Notice pursuant to Mississippi Code Annotated Section 15-1-36 has been provided to all Defendants and this Complaint has attached to it an Attorneys Certificate demonstrating that Counsel has complied with the requirements of Mississippi Code

Annotated Section 11-1-58.

## FACTUAL BACKGROUND

13. Don E. Huggins departed this life on May 25, 2010, while a patient at NMMC.

14. Prior to his death, Don E. Huggins was admitted to NMMC on May 16, 2010 under the care and treatment of Dr. Brady Russell with a diagnosis of chronic renal failure and colostridium difficile colitis with profuse diarrhea and dehydration.

15. Upon admission to NMMC, Don E. Huggins was provided with aggressive supportive care in the form of intravenous fluids, antibiotics and dialysis was initiated.

16. During the course of his admission at NMMC, Don E. Huggins developed hiccups.

17. On May 19, 2010, Dr. Brady Russell issued an order authorizing the use of Thorazine, an anti-psychotic drug, for the treatment of hiccups. Dr. Russell's written orders reflect that Thorazine was to be administered in 25 mg doses by IV push, every 4 hours as needed.

18. At 8:58 a.m. on May 19, 2010, Arlene Hampton, R.N., an employee of NMMC, administered 25 mg of Thorazine to Don E. Huggins for treatment of the hiccups.

19. The initial dose of Thorazine caused Don E. Huggins to experience cardiac symptoms/arrhythmias necessitating his defibulator to fire 5 - 6 times on May 20, 2010 and further caused a substantial increase in his liver enzymes.

20. Between May 17 and May 21, 2010, Don E. Huggins underwent dialysis at NMMC which successfully lowered his BUN and Creatinine levels.

21. In the early morning of May 22, 2010, Don E. Huggins again complained of hiccups when he was observed by student nurse, Nancy Ogenda, an agent, servant/employee

of NMMC, at 4:00 a.m.

22. Don E. Huggins vital signs at 4:00 a.m. on May 22, 2010, reflected a low blood pressure of 86/46, nonetheless, at 5:14 a.m. student nurse, Nancy Ogenda, administered an additional dose of 25 mg of Thorazine by IV push into his right forearm.

23. Within a short period of time after the Thorazine administration, that same morning, Don E. Huggins began to suffer respiratory suppression, such that at 7:35 a.m. the nursing staff in the dialysis unit noted that he had become lethargic and his blood pressure had fallen to 72/46.

24. Don E. Huggins condition subsequently continued to decline such that he was transferred to the Critical Care Unit shortly after 9:00 a.m. on May 22, 2010. In the CCU he was intubated and resuscitated, but his condition continued to decline, such that he no longer received appropriate cerebral profusion, became asytolic and was pronounced dead at 7:20 a.m. on May 25, 2010.

25. At all times relevant hereto, Defendant Russell and the staff at Defendant NMMC owed a duty to provide professional services to Don E. Huggins in accordance with the recognized standard of care.

26. Defendant Russell and the staff at NMMC acted with less than and/or failed to act with ordinary and reasonable care in accordance with the recognized standard of care as noted above.

27. Defendant Russell, during the course and scope of his employment with NMMC, committed or omitted the following acts and other acts of negligence in connection with the professional services rendered to Don E. Huggins, each of which falls below

the recognized standard of care, including but not limited to the following:

a. Ordering the administration of Thorazine to Don E. Huggins in contradiction of his known medical complications;

b. Ordering the administration of Thorazine by IV push;

c. Failing to consider the potential hypotensive and other side effects of Thorazine for a patient with Don E. Huggins' known medical condition;

d. Failing to provide a warning to Don E. Huggins of the potential side effects of Thorazine;

e. Failing to obtain informed consent for the administration of Thorazine;

f. Failing to provide instructions to the nursing staff to evaluate Don E. Huggins' medical condition before administering Thorazine;

g. Failing to evaluate Don E. Huggins' condition before additional doses of Thorazine were administered;

h. Causing a deterioration in Don E. Huggins condition by his medical actions;

I. Failing to prescribe the administration of Thorazine in a manner required by the applicable standard of care;

j. Failing to order the dilution of Thorazine with saline when administered by IV;

k. Failing to prescribe the administration of Thorazine in a safe manner under the existing circumstances;

l. Failing to recognize the initial symptomology/harm caused by the first dosage of Thorazine.

28. As a direct and proximate result of one or more of the above acts or other of

negligence and carelessness committed or omitted by Defendant Russell, Don E. Huggins suffered the following harms and losses including but not limited to physical pain and mental suffering; and loss of enjoyment of life; death; medical expenses; reasonable funeral expenses; and the harms and losses suffered as a result of the wrongful death of Don E. Huggins including loss of love, affection, care and attention; loss of the pecuniary value of Don E. Huggins life; economic damages; and other damages allowed by law.

29. The staff, pharmacy, and the other agents and employees of NMMC committed or omitted the following acts and other acts of negligence in connection with the care and professional services rendered to Don E. Huggins, each of which falls below the recognized standard of care, including but not limited to:

   a. Failing to warn Don E. Huggins of the potential side effects of Thorazine administration;

   b. Failing to administer Thorazine in a manner so as to not cause respiratory suppression and/or arrest;

   c. Failing to consider the hypotensive and other side effects of Thorazine when administering the drug to a patient in Don E. Huggins' known medical state;

   d. Failing to properly advise the nursing staff of the appropriate manner in which to administer Thorazine to a patient such as Don E. Huggins;

   e. Failing to properly train the staff in the administration of Thorazine;

   f. Failing to properly supervise student nurse, Nancy Ogenda;

   g. Allowing the nursing staff access to Thorazine without proper warning and instruction for its administration;

    h.    Administrating Thorazine by IV push on May 22, 2010, when Don E. Huggins was known to be hypotensive;

    I.    Failing to monitor Don E. Huggins condition and blood pressure after administering Thorazine;

    j.    Failing to dilute the dosage of Thorazine with saline when administering it by IV;

    k.    Failing to consider the likely side effects of the administration of Thorazine given Don E. Huggins known medical status;

    l.    Failing to recognize the signs and symptoms of respiratory distress in a prompt matter after the administration of Thorazine on May 22, 2010;

    m.    Failing to recognize the cardiac symptomology caused by the initial dose of Thorazine;

    n.    Failing to recognize the initial symptomology/harm caused by the first dosage of Thorazine;

    o.    Causing Don E. Huggins to suffer respiratory arrest and ultimate system failure due to improper medication administration, observation and inaction.

30.    As a direct and proximate result of the above acts of negligence committed or omitted by the hospital staff, agents, employees of NMMC and Defendant Russell, Don E. Huggins endured pain, suffering and ultimately loss of life and the wrongful death beneficiaries, including Plaintiff, have sustained wrongful death damages under Mississippi Law. NMMC is vicariously liable for the above referenced acts of negligence and the damages caused thereby under the doctrine of respondeat superior.

**WHEREFORE** Plaintiff sues the Defendants and demands judgment against them individually and both jointly and severally in an amount which will fully and completely compensate her and the Wrongful Death Beneficiaries for the wrongful death of Don E. Huggins and for such other relief to which she may be entitled under the law and the facts.

Plaintiff demands that a jury be impaneled to try this cause.

Respectfully submitted,

**KEITH S. CARLTON**

**WOOD & CARLTON, P.C.**
**ATTORNEYS AT LAW**
**P.O. BOX 1415**
**CORINTH, MS 38835-1415**
**662-287-8037**
**662-287-8040 FAX**
**MS BAR NO. 9336**
**TN D.B. 13740**
**keithcarlton@bellsouth.net**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

DONNA HUGGINS, INDIVIDUALLY AND
AS PERSONAL REPRESENTATIVE OF THE
WRONGFUL DEATH BENEFICIARIES OF
DON E. HUGGINS, DECEASED                                    PLAINTIFF

VS                                         NO: _____

BRADY RUSSELL, M.D.,
AND NORTH MISSISSIPPI MEDICAL
CENTER, INC.                                                DEFENDANTS

## CERTIFICATE OF PLAINTIFF'S ATTORNEY

1. My name is Keith S. Carlton. I am an attorney in good standing, licensed to practice law in the State of Mississippi. My Mississippi Bar Number is 9336. I have personal knowledge of the matters and facts set forth herein and I have full authority to execute this Affidavit.

2. In my capacity as Attorney of Record, I have made a thorough and complete review of all relevant facts and circumstances involved in this matter.

3. I have consulted with at least one (1) medical expert qualified pursuant to the Mississippi Rules of Civil Procedure and the Mississippi Rules of Evidence who is willing and prepared to give expert testimony as to the Standard of Care as evidence in this matter.

4. I believe that the expert I have consulted in this matter is expressly knowledgeable in the issues and facts involved in the particular action.

5. I have concluded based on the reviews and consultations that I have performed

herein, that in my opinion that there is a reasonable basis to commence of this action.

**AFFIANT** further saith not.

                                                          **KEITH S. CARLTON (MSB 9336)**
                                                          **WOOD AND CARLTON, PC**

**SWORN TO AND SUBSCRIBED** before this 17th day of May, 2012.

                                                          **NOTARY PUBLIC**

**MY COMMISSION EXPIRES:**

[Notary Seal: STATE OF MISSISSIPPI, NOTARY PUBLIC, ID # 53075, LAVONIA B. ESSARY, Commission Expires June 29, 2014]